Dunn v. Sederakis

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand fifteen.

PRESENT: DENNIS JACOBS,
     RAYMOND J. LOHIER, JR.,
        <u>Circuit Judges</u>,
     JOHN G. KOELTL,
        <u>District Judge</u>.<sup>*</sup>

- - - - - - - - - - - - - - - - - - - - -X

AYSHEA L. DUNN,
   <u>Plaintiff-Appellant</u>,

   -v.-           12-5046

JOHN SEDERAKIS, SABRINA BROWN,
   <u>Defendants-Appellees</u>.<sup>**</sup>
- - - - - - - - - - - - - - - - - - - - -X

---

  <sup>*</sup> Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

  <sup>**</sup> The Clerk of Court is directed to amend the case caption as above.

**FOR APPELLANT:**          Chinyere Okoronkwo, New York, New York.

**FOR APPELLEES:**          Leslie B. Dubeck, Barbara D. Underwood, Steven C. Wu, <u>for</u> Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** in part and **VACATED and REMANDED** in part.

Ayshea Dunn appeals from the judgment of the United States District Court for the Southern District of New York (Engelmayer, <u>J.</u>), dismissing pursuant to Federal Rule of Civil Procedure 12(b)(6) Dunn's retaliation claim under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 <u>et seq.</u> We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Dunn's Second Amended Complaint alleged that her supervisors retaliated against her for, among other protected activities, registering oral complaints with her supervisors in July and August 2008. The district court dismissed the retaliation claim, holding in part that the oral complaints to Dunn's supervisors were not protected activity under Section 15(a)(3) of the FLSA. On appeal, Dunn challenges that holding in light of recent changes in the law.

We review <u>de novo</u> the district court's grant of a motion to dismiss under Rule 12(b)(6), "accept[ing] as true all allegations in the complaint and draw[ing] all reasonable inferences in favor of the non-moving party." <u>Gorman v. Consol. Edison Corp.</u>, 488 F.3d 586, 591-92 (2d Cir. 2007).

The district court's ruling that oral complaints to supervisors are not protected activity under the FLSA relied on our decision in <u>Lambert v. Genesee Hospital</u>, 10 F.3d 46 (2d Cir. 1993), which held that the FLSA "limits the cause

2

of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor." Id. at 55. In the intervening time since the district court entered judgment in this case, we have overruled Lambert. See Greathouse v. JHS Sec. Inc., No. 12-4521-cv, slip op. at 5-6 (2d Cir. Apr. 20, 2015). Greathouse holds:

> [A]n employee may premise a section 215(a)(3) retaliation action on an oral complaint made to an employer, so long as--pursuant to [Kasten v. Saint-Gobain Performance Plastics Corp., 131 S. Ct. 1325 (2011)]--the complaint is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." 131 S. Ct. at 1335.

Id.

The district court thus applied our circuit's law then in effect; but its basis for dismissal may no longer be sound under Greathouse. We therefore vacate the dismissal of Dunn's FLSA retaliation claim. On remand, the district court should consider whether Dunn's claim describes an oral complaint that survives Greathouse and Kasten's standard of clarity and detail.[1]

---

[1] On remand, the district court is free to revisit (or not) Dunn's complaint to the New York State Division of Human Rights ("NYSDHR"). Dunn alleges that her complaint to the NYSDHR constituted yet another protected activity, but she urges on appeal that the district court must not look at the face of the NYSDHR complaint itself. On a motion to dismiss, a court may consider both: (a) documents incorporated by reference into the complaint and (b) unincorporated documents that are integral to the complaint and upon which the complaint heavily relies. See Chambers v. Time Warner Inc., 282 F.3d 147, 152–53 (2d Cir. 2002). If the district court chooses on remand to revisit whether Dunn plausibly and specifically pled the elements of an FLSA retaliation claim based on the NYSDHR complaint, it may consider the content of that complaint, as it did before.

For the foregoing reasons, and finding no merit in Dunn's other arguments, we hereby **VACATE** and **REMAND** the judgment of the district court for further proceedings consistent with <u>Greathouse</u>.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK